## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:**

MICHAEL MADIGAN,

       Plaintiff,

v.

NELSON WATSON & ASSOCIATES, LLC, a Massachusetts limited liability company,

       Defendant.

## COMPLAINT AND JURY DEMAND

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for Plaintiff's claims under 47 U.S.C. § 227 et. seq. because they arise from a common nucleus of operative facts.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. (hereinafter the "TCPA").

## VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

4. Plaintiff, Michael Madigan, is a natural person who resides in the City of Colorado Springs, County of El Paso, State of Colorado.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Nelson Watson & Associates, LLC, is a Massachusetts limited liability company operating from an address at 80 Merrimack Street, Haverhill, Massachusetts, 01830.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The Defendant is licensed as a collection agency by the state of Colorado.

9. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Sometime before June 2007 an individual named Theresa Bingham allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

11. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. The Account went into default with the original creditor.

13. Sometime after the Account went into default the Account was assigned, placed or otherwise transferred to the Defendant for collection from an individual named Theresa Bingham.

## DEFENDANT

14. In the year prior to the filing of the instant action the Plaintiff received telephone calls and voicemail messages on his cellular telephone from representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiff called the Defendant in response to the telephone calls and voicemail messages. These telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

15. During the telephone calls representatives, employees and / or agents of the Defendant repeatedly called the Plaintiff attempting to collect the Account after the Plaintiff repeatedly told the representatives, employees and / or agents of the Defendant that he was not Theresa Bingham and to stop calling his telephone on her Account. The representatives, employees and / or agents of the Defendant continued to call the Plaintiff on the Account after they verified that he did not have an account with the Defendant including verifying that the Defendant had no accounts under the Plaintiff's Social Security number. These statements and actions constitute violations of the FDCPA including but not limited to 1692d preface, 1692e preface, e(10), 1692f preface and f(1).

16. During the telephone calls the Defendant repeatedly initiated telephone calls to the Plaintiff's cellular telephone line using an automatic telephone dialing system and an artificial or prerecorded voice without the prior express consent of the Plaintiff. These actions constitute violations of the TCPA including but not limited to 227(b)(1)(A)(iii).

17. The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

18. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface.

19. The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface and e(10).

20. The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

21. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying Theresa Bingham's alleged debt.

22. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

23. The Defendant's actions constitute multiple violations of TCPA § 227(b)(1)(A)(iii).

24. As a consequence of the Defendant's collection activities and

communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

25. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

26. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

27. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

28. The previous paragraphs are incorporated into this Count as if set forth in full.

29. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, § 1692e preface, e(10), § 1692f preface and f(1).

30. The Defendant's violations are multiple, willful and intentional.

31. Pursuant to FDCPA § 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## COUNT II, TCPA VIOLATIONS

32. The previous paragraphs are incorporated into this Count as if set forth in full.

33. The acts and omissions of the Defendant and its representatives, employees and

/ or agents constitute numerous and multiple violations of the TCPA, including but not limited to § 227(b)(1)(A)(iii).

34. The Defendant's violations are multiple, willful and intentional.

35. Pursuant to TCPA section 227(b)(3)(B) the Plaintiff is entitled to statutory damages of $500.00 per violation.

36. Pursuant to TCPA section 227(b)(3)(B) and b(3)(C) the Plaintiff is entitled to statutory damages of $1,500.00 per willfull or knowing violation.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Statutory damages under 47 USC § 227(b)(3)(B) and b(3)(C).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____  
David M. Larson, Esq.  
405 S. Cascade Avenue, Suite 305  
Colorado Springs, CO 80903  
(719) 473-0006  
Attorney for the Plaintiff